IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LEO J. MCHUGH and JULIA MCHUGH,   *

    Plaintiffs,   *

vs.   *

PORTFOLIO RECOVERY ASSOCIATES,   *   CASE NO. 4:15-cv-00046 (CDL)
LLC,
       *

    Defendant.   *
       *

O R D E R

    Plaintiffs filed suit against Defendant in the Superior Court of Muscogee County, Georgia alleging that Defendant wrongfully attempted to collect a debt that Plaintiffs allegedly owed.  After the case had been pending in the Superior Court for over two years, Defendant filed a notice of removal to remove this case to this Court based on diversity of citizenship jurisdiction.  Defendant's counsel removed the case belatedly, although Plaintiffs had made a demand in excess of the jurisdictional amount nine months before Defendant attempted to remove it.  Contending that the removal was untimely, Plaintiffs filed a motion to remand and seek recovery of their attorney's fees.  For the following reasons, Plaintiffs' motion is granted.

    If a case is not removable based on the initial pleading, it may be removed "within 30 days after receipt by the defendant

. . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."   28 U.S.C. § 1446(b)(3). A case may not be removed on the basis of diversity jurisdiction more than one year after its commencement unless the non-moving party acted in bad faith to prevent removal.   28 U.S.C. § 1446(c)(1).   The bad faith exception applies when plaintiffs use "devices intended to prevent a removal to a Federal court where one has that right."   *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005).

Plaintiffs commenced this action in the Superior Court of Muscogee County, Georgia on September 24, 2012.   In June of 2014, Plaintiffs sent a written demand in excess of $75,000 to Defendant's counsel.   Defendant did not file its removal until March 27, 2015, approximately nine months later.   Defendant's removal was untimely because it did not file its removal within thirty days of receiving a demand that put it on notice that the amount in controversy arguably exceeded the jurisdictional amount and because it did not file its removal within one year of commencement of the action and no evidence exists that Plaintiffs prevented removal in bad faith.

Defendant now acknowledges that removal was untimely but seeks to be excused from paying Plaintiffs' attorney's fees. Defendant's present counsel argues that it was unaware of the

2

earlier settlement demand in excess of the jurisdictional amount and that when it learned of the demand, Defendant promptly agreed to remand.   The standard for awarding attorney's fees when a removed case is remanded "should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).   The Court may order the removing party to pay "just costs and any actual expenses, including attorney fees," incurred when the party lacked an objectively reasonable basis for removal.  28 U.S.C. § 1447(c); *Martin,* 546 U.S. at 141.   But if the removing party had an "objectively reasonable basis" for seeking removal, fees should be denied.  *Martin,* 546 U.S. at 141.   This test "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140; *see also Hansard v. Forsyth Cnty., Ga.*, 191 F. App'x 844, 847 (11th Cir. 2006) (per curium) (explaining that in deciding whether to award fees, courts consider "whether the [defendant] had an objectively reasonable basis for removal and then consider whether the removal prolonged the litigation or imposed costs on the [plaintiff]").

Although present counsel for Defendant may have been subjectively unaware of the earlier demand, there is no dispute that it was made and no dispute that Defendant would have been aware of it through its previous counsel.   In light of the

3

previous demand in excess of the jurisdictional amount, the Court finds that Defendant had no objectively reasonable basis for removing the case more than thirty days after that demand and after the case had been pending for more than two years. Accordingly, this action shall be remanded to the Superior Court of Muscogee County, and Defendant shall be responsible for Plaintiffs' attorney's fees caused by the improper removal.

Defendant's objectively unreasonable removal prolonged this litigation and imposed costs on the Plaintiffs. The litigation was delayed by at least two months as the most recent motion regarding attorney's fees was filed on May 15, 2015.  The present record also supports a finding that Plaintiffs incurred litigation expenses of $2,402.00 due to the improper removal. Statement of Costs and Attorney Fees, ECF No. 8 at 5. The delay of litigation and the costs imposed on the Plaintiffs thus authorizes an award of litigation expenses in the amount of $2,402.00.  *See Hansard*, 191 F. App'x at 846 (affirming award of attorney's fees where removal prolonged resolution of the case for over two months).  Accordingly, the Court grants Plaintiffs' Motion to Remand and Attorney's Fees (ECF No. 5).  Defendant shall pay Plaintiffs $2,402.00 within 14 days of today's order, and the Clerk of Court shall remand this action to the Superior Court of Muscogee County, Georgia.

IT IS SO ORDERED, this 2nd day of July, 2015.

S/Clay D Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA